## COMMONWEALTH *vs.* THOMAS WINGATE.

On the trial in the court of common pleas, on appeal, of a complaint on which the defend ant was convicted before a police court, the court may allow the complaint to go to the jury, although the record of the conviction before the police court is upon the same paper, if the jury are instructed that such conviction cannot be considered as evidence.

A certificate of the clerk of a police court that a certain complaint was sworn to "before said court," is sufficient evidence that it was duly sworn to, without stating whether it was before the standing justice, or one of the special justices.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor on the 8th of September 1855. The complaint was signed by Jonathan Day, and addressed "to the police court within and for the county of Worcester and Commonwealth of Massachusetts," and bore this certificate: "Worcester, ss. The tenth day of September in the year of our Lord one thousand eight hundred and fifty five the aforesaid complainant made oath to the truth of the foregoing complaint before said court. J. Waldo Denny, Clerk." The record of the police court simply set forth the complaint, and a warrant, commanding the officers to whom it was addressed to bring the defendant "before the police court of the city of Worcester," and bearing teste of "William N. Green, Esquire, Justice of said court;" stated that "by virtue of a warrant issued upon the within complaint the defendant is brought before the police court of the city of Worcester in the county of Worcester;" and then stated his plea, trial, conviction and appeal.

At the trial in the court of common pleas, before *Morris,* J., the defendant objected to having the record of the police court (which was written upon the complaint) go to the jury; but the judge overruled the objection, and ruled that it should go to the jury, but that it could not be considered as evidence in the case. The defendant, being found guilty, alleged exceptions to this ruling.

He also moved in arrest of judgment, because it did not appear by the record that the complaint was received or the

41 *

warrant issued by any justice of said police court; and because it did not appear whether the proceedings were had before the standing justice, or one of the special justices, and there being no allegation in the complaint, sufficient to give jurisdiction to any special justice, it did not sufficiently appear whether the police court had jurisdiction of the case. This motion was overruled, and the defendant excepted to this ruling also.

*C. E. Pratt,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

MERRICK, J. 1. It was properly within the discretion of the presiding judge to determine whether a particular instrument or writing, which had been used in evidence, should be taken by the jury, when they retired for deliberation upon the issue submitted to them. As they might have occasion to examine the complaint, in order to a more thorough understanding of its allegations, it was right to put them in possession of it. And the record of judgment in the court below, being written upon the same paper, and therefore inseparable from the complaint, some instructions in relation to it were evidently called for; and those which were given we find to have been strictly correct.

2. The administration of the oath to the complainant, and the whole course of proceedings upon it, including the judgment of the police court and of the appeal of the defendant therefrom, are duly certified by Denny, as its clerk. These acts were all within the scope and limits of his authority. At first, under the provisions of the city charter, the justice of the police court exercised and performed, in addition to his own duties, those pertaining to a clerk; but by a subsequent statute the latter were transferred to another officer, to be duly appointed and commissioned. *Sts.* 1848, *c.* 32, § 27; 1851, *c.* 268, § 3. As Denny was competent to make the certificates referred to, and as these show that there was no want of regularity or accuracy in any part of the proceedings against the defendant, his motion in arrest of judgment was very properly overruled.

*Exceptions overruled.*